IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01907–PAB–KMT

ELECTROLOGY LABORATORY, INC., d/b/a ROCKY MOUNTAIN LASER COLLEGE, a Colorado corporation,

    Plaintiff,

v.

LARRY PAUL KUNZE a/k/a LORENZO KUNZE and LORENZO BLACKSTONE KUNZE, M.E., d/b/a AMERICAN LASER COLLEGE and THE LASER COLLEGE,
LARRY PAUL KUNZE, JR., a/k/a LORENZO KUNZE JR..,
ROCK CREEK LASER & ESTHETICS INSTITUTE, a delinquent Colorado corporation,
BARELASER, LLC, a Colorado limited liability company, and
RETHINK THE INC., LLC, a Colorado limited liability company,

    Defendants and Third-Party Plaintiffs,

v.

RAY FLUKEN,
JODY RIGGS FLUKEN, and
JESSICA RIGGS,

    Third-Party Defendants.

## MINUTE ORDER

### ORDER ENTERED BY MAGISTRATE JUDGE KATHLEEN M. TAFOYA

The "Joint Motion for Approval of Stipulation to Approve Protective Order" (Doc. No. 101, filed March 9, 2012) is DENIED without prejudice. The parties are granted leave to submit a motion for protective order and revised form of protective order consistent with the comments contained here.

*Gillard v. Boulder Valley School District*, 196 F.R.D. 382 (D. Colo. 2000), set out certain requirements for the issuance of a blanket protective order such as the one sought here. Among other things, any information designated by a party as confidential must first be reviewed by a lawyer who will certify that the designation as confidential is "based on a good faith belief that [the information] is confidential or otherwise entitled to protection." *Gillard*, 196 F.R.D. at 386.

Additionally, the protective order must contain a mechanism by which a party may challenge the designation of information as confidential. The following language would satisfy this provision:

> A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

*Gillard* at 388-89.

The proposed Protective Order does not comply with the requirements established in *Gillard*.

Dated: March 12, 2012