IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01907–PAB–KMT

ELECTROLOGY LABORATORY, INC., d/b/a ROCKY MOUNTAIN LASER COLLEGE, a Colorado corporation,

    Plaintiff,

v.

LARRY PAUL KUNZE a/k/a LORENZO KUNZE and LORENZO BLACKSTONE KUNZE, M.E., d/b/a AMERICAN LASER COLLEGE and THE LASER COLLEGE,
LARRY PAUL KUNZE, JR., a/k/a LORENZO KUNZE JR..,
ROCK CREEK LASER & ESTHETICS INSTITUTE, a delinquent Colorado corporation,
BARELASER, LLC, a Colorado limited liability company, and
RETHINK THE INC., LLC, a Colorado limited liability company,

    Defendants and Third-Party Plaintiffs,

v.

RAY FLUKEN,
JODY RIGGS FLUKEN, and
JESSICA RIGGS,

    Third-Party Defendants.

## ORDER

This matter is before the court on "Plaintiff's Motion to Amend Verified Complaint." (Doc. No. 83, filed January 31, 2012.) In its Motion, Plaintiff seeks to update the allegations of its complaint and withdraw the trade secrets misappropriation claim against Defendant Rock Creek Laser & Esthetics Institute ("Rock Creek"). The Third-Party Defendants filed their

response on March 3, 2012.  (Doc. No. 93.)  Defendant Rock Creek filed its response on March 7, 2012.  (Doc. No. 97.)  Plaintiff filed its reply on March 12, 2012.  The motion is ripe for ruling.

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires."  *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003).  The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

The Third Party Defendants do not object to Plaintiff's Motion.  (*See* Doc. No. 93.) Defendant Rock Creek does not appear to oppose Plaintiff's Motion *per se.*  Rather, Rock Creek states that it "does have an issue with aspect[s] of the proposed pleading," and suggests several changes that could be made to avoid a later motion for a more definite statement or a motion to dismiss.  (*See* Doc. No. 97, ¶ 2.)  However, Rock Creek does not argue, and the court does not

find, that the amendments are sought in bad faith or with dilatory motive, that Plaintiff has repeatedly failed to cure deficiencies by amendments previously allowed, that it would be unduly prejudiced by virtue of allowance of the amendment, or that the amendments sought are futile. Moreover, the deadline to amend pleadings was set by this court at January 31, 2012.  (*See* Doc. No. 72.)  Thus, the Motion is timely.

Accordingly, for the foregoing reasons, it is

ORDERED "Plaintiff's Motion to Amend Verified Complaint."  (Doc. No. 83) is GRANTED.  The Clerk shall file "Plaintiff's Amended Complaint" (Doc. No. 83-1).

Dated this 14th day of March, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge