IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01907–PAB–KMT


ELECTROLOGY LABORATORY, INC., d/b/a ROCKY MOUNTAIN LASER COLLEGE, a
Colorado corporation,
RAY FLUKEN,
JODY RIGGS FLUKEN, and
JESSICA RIGGS,

      Plaintiffs,

v.

LARRY PAUL KUNZE a/k/a LORENZO KUNZE and LORENZO BLACKSTONE KUNZE,
M.E., d/b/a AMERICAN LASER COLLEGE and THE LASER COLLEGE,
LARRY PAUL KUNZE, JR., a/k/a LORENZO KUNZE JR..,
ROCK CREEK LASER & ESTHETICS INSTITUTE, a delinquent Colorado corporation,
BARELASER, LLC, a Colorado limited liability company, and
RETHINK THE INC., LLC, a Colorado limited liability company,

      Defendants and Third-Party Plaintiffs,

v.

RAY FLUKEN,
JODY RIGGS FLUKEN, and
JESSICA RIGGS,

      Third-Party Defendants.

---

## ORDER

---

      This matter is before the court on "Third-Party Defendant Ray Fluken's Motion to Add

Additional Counterclaim" (Doc. No. 110 [Mot.], filed March 14, 2012).  No responses have been

filed, and the motion is ripe for ruling.

Third-Party Defendant Ray Fluken moves to amend his answer to add an additional counterclaim for defamation.  Mr. Fluken states that on February 11, 2012, Defendant Larry Paul Kunze a/k/a/ Lorenzo Kunze (Kunze") sent emails to the banker and the landlord of Plaintiff Electrology Laboratory, Inc. ("ELI") claiming that Mr. Fluken, who guaranteed both ELI's bank loan and lease, would be defaulting and closing the Rocky Mountain Laser College.  Mr. Fluken states that Kunze premised his representations to Mr. Fluken's banker and landlord on, among other things, information he had allegedly obtained from the medical director of the Rocky Mountain Laser College.  However, the medical director of the Rocky Mountain Laser College denies making such a representation to Kunze.  (*See* Mot., Ex. A, Decl. of Dennis M. Kotelko, M.D.)  Mr. Fluken alleges that stating to ELI's banker and landlord that Mr. Fluken was going to default on the loan and close is defamatory *per se* and actionable on the part of Mr. Fluken, the guarantor of both the loan and the lease particularly when such statements were premised on a conversation that never happened.  *See Hayes v. Smith*, 832 P.2d 1022, 1025 (Colo. App. 1991) (defamatory per se statement compensable without economic loss).

Pursuant to Fed. R. Civ. P. 15(a)(2), "The court should freely give leave [to amend the pleadings] when justice so requires."[1]  *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003).  The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir.1983).

---

[1]A Scheduling Conference was held in this matter on November 1, 2011.  (Doc. No. 72.) The deadline for Joinder of Parties and Amendment of Pleadings was set at January 31, 2012. (*Id.*)  Thus, the Motion is untimely.  However, the Tenth Circuit has not "decide[d] whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' for the amendment under Rule 16(b) in addition to the Rule 15(a) requirements."  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (explaining that some circuits require the party seeking amendment past a scheduling order deadline to (1) show that it was diligent in attempting to meet the deadline, and (2) provide an adequate explanation for its delay); *see Bylin v. Billings*, 568 F.3d 1224, 1231 n.9 (10th Cir. 2009) (noting that Tenth Circuit "has not ruled on that question in the context of an amendment to an existing pleading").  The court therefore analyzes the motion under Rule 15 rather than Rule 16(b).

Here, the Motion apparently is unopposed.  Thus, there is no argument, and the court does not find, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment on the part of the Mr. Fluken.  Therefore, it is

**ORDERED** that"Third-Party Defendant Ray Fluken's Motion to Add Additional Counterclaim" (Doc. No. 110) is GRANTED.  The Clerk shall file the "Answer to Third-Party Complaint of Ray Fluken, Jody Riggs Fluken and Jessica Riggs and Amended Counterclaims" (Doc. No. 110-2).

Dated this 14th day of May, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

4