# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLORADO

Civil Action No. 11-CV-01907-PAB-KMT

ELECTROLOGY LABORATORY, INC.
d/b/a ROCKY MOUNTAIN LASER COLLEGE
a Colorado corporation,

Plaintiff,

v.

LARRY PAUL KUNZE a/k/a LORENZO KUNZE and
LORENZO BLACKSTONE KUNZE, M.E.
d/b/a AMERICAN LASER COLLEGE and
THE LASER COLLEGE, LARRY PAUL KUNZE, JR.
a/k/a LORENZO KUNZE, JR. and
ROCK CREEK LASER & ESTHETICS INSTITUTE,
a delinquent Colorado corporation, BARELASER, LLC, a
Colorado Limited Liability Company and
RETHINK THE INK., LLC,
a Colorado Limited Liability Company,

Defendants.

v.

RAY FLUKEN, JODY RIGGS FLUKEN and JESSICA RIGGS

Third-Party Defendants

_____

# PROTECTIVE ORDER
_____

THIS MATTER comes before the Court on the parties Joint Motion for Entry of Protective Order. The Court, being fully advised, hereby ORDERS as follows:

1.  This Protective Order governs the discovery in the above-captioned Litigation currently pending between Plaintiff Electrology Laboratory, Inc., d/b/a Rocky Mountain Laser

363980

College ("Plaintiff") and Defendants Larry Paul Kunze, Larry Paul Kunze, Jr. and Rock Creek Laser & Esthetics Institute ("Defendants") and third party defendants Ray Fluken, Jody Riggs-Fluken and Jessica Riggs, and shall apply to all information, documents and materials produced during this Litigation.

    2.    <u>Definitions</u>: For purposes of this Protective Order the following terms shall have the meanings indicated:

        a.    "Requesting Party" shall mean the party to this lawsuit seeking disclosure of information.

        b.    "Producing Party" shall mean the party from whom disclosure of information is sought.

        c.    "Confidential Information" shall mean trade secret or other proprietary or confidential documents or other information. Confidential Information shall not be disclosed to any person or entity not a party to this lawsuit except as expressly provided herein. Confidential Information shall not be disclosed to any person or entity other than the parties to this suit, counsel who have entered an appearance in this case and their staff, Judges, Magistrates, law clerks and other clerical personnel of the Court before which the action is pending and independent experts whom the receiving party identifies to the producing party. If the producing party has any objection to the proposed independent expert, it shall so notify the receiving party in writing within the ten (10) day period. The parties will attempt to resolve any differences concerning such independent experts, but if they are unable to do so, the receiving party may seek relief from the

        Court as provided herein. In the event of a dispute, no disclosure of the information shall be made to the proposed independent expert until after the Court has ruled upon the issue.

    d.    Attorneys' Eyes Only documents shall not be disclosed to any person or entity other than counsel who have entered an appearance in this case and their staff, Judges, Magistrates, law clerks and other clerical personnel of the Court before which the action is pending and independent experts whom the receiving party identifies to the producing party. If the producing party has any objection to the proposed independent expert, it shall so notify the receiving party in writing within the ten (10) day period. The parties will attempt to resolve any differences concerning such independent experts, but if they are unable to do so, the receiving party may seek relief from the Court as provided herein. In the event of a dispute, no disclosure of the information shall be made to the proposed independent expert until after the Court has ruled upon the issue.

   3.   <u>Designations</u>:

Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Prior to the designation of any document as CONFIDENTIAL, counsel for the producing party will review the information that is to be disclosed, and will designate the information that counsel believes, in good faith, is confidential or otherwise entitled to protection.

a. <u>Materials</u>:  Any and all information, documents, or materials produced or subpoenaed, including, without limitation, answers to interrogatories, responses to other discovery requests, deposition transcripts, or applicable portions thereof, and documents which have been marked, stamped, or otherwise identified by either party as "Confidential" or "Attorneys' Eyes Only" shall be subject to the following restrictions of the Protective Order.  Each interrogatory answer or portion thereof, each answer to requests for admission or portions thereof, and each page of a document produced in this matter or portions thereof, which is deemed by a Producing Party to disclose Confidential or Attorneys' Eyes Only Information of that party, shall be so identified by that party with the name of the classifying party, e.g. "Plaintiff" or "Defendants," followed by the word "Confidential" or "Attorneys' Eyes Only."  The identity of the classifying party need not be provided if it is indicated as part of the production number (e.g. plaintiff's document "P00001") contained on the document.  Unless otherwise agreed between the parties or otherwise permitted under this Order, the identification and designation of Confidential or Attorneys' Eyes Only Information shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served and when a copy of the document is provided to the Requesting Party.

b. <u>Depositions</u>:  With respect to deposition testimony, the witness or his or her counsel may invoke the provisions of this Order by claiming confidentiality in a timely manner and designating the level of restriction.

> During the deposition, parties shall be excluded only from testimony designated "Attorneys' Eyes Only." The witness under deposition or his or her counsel shall have the right, within ten (10) days of receiving a transcript of the deposition, to designate or change the level of restriction of the transcript or portion thereof. During the ten (10) day period, counsel for the parties shall treat the entire transcript as if it had been designated "Attorneys' Eyes Only." Testimony that has been designated "Confidential" or Attorneys' Eyes Only" on the record of the deposition shall be transcribed in a separate booklet marked accordingly on each page.

4.       <u>Inadvertent Failure to Designate</u>:  If, through inadvertence, a Producing Party provides any documents or information containing Confidential or Attorneys' Eyes Only Information without designating the material as such, the Producing Party may subsequently inform the Receiving Party in writing of the Confidential or Attorneys' Eyes Only Information status of the documents or information. The Receiving Party shall thereafter treat the disclosed material as Confidential or Attorneys' Eyes Only Information, in accordance with the written notification of the inadvertent disclosure. The Receiving Party shall take reasonable steps to advise persons to whom disclosure was made prior to receipt of a Confidential or Attorneys' Eyes Only Information designation of such designation and of this Order, but shall not otherwise be required to retrieve or take any action to protect the confidentiality of information or copies of documents disclosed prior to the receipt of the Confidential or Attorneys' Eyes Only Information designation. Any documents which are subject to the attorney-client privilege or work product protection that are inadvertently disclosed shall immediately be returned by the Receiving Party,

and the Receiving Party shall also destroy any copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information. In the event of a dispute concerning whether such documents are privileged, the burden to establish the privilege shall be on the party asserting the privilege.

5. <u>Restrictions on Use</u>: Any Confidential or Attorneys' Eyes Only Information produced during the course of this action shall be used solely for the purposes of this action and shall not be disclosed or used by the Requesting Party or its counsel for any other purpose including, but not limited to, any business, commercial, competitive or publicity purpose. All obligations and duties arising under this Order shall survive the termination of this action. This Court retains jurisdiction over the parties to resolve any dispute regarding the improper use of information disclosed under this Order. Nothing in this Protective Order shall limit the use of a party's own documents or information, regardless of whether the other party identifies duplicate or similar information as "Confidential" or "Attorneys' Eyes Only."

6. <u>Court Ordered Disclosure</u>: Nothing herein shall prevent disclosure beyond the terms of this Order if the Court, after notice to all affected parties, orders such disclosure.

7. <u>Obligations of Counsel</u>: It shall be the responsibility of Counsel to take reasonable and proper steps to ensure that this Protective Order and all provisions thereof are made known to any person who shall examine Confidential or Attorneys' Eyes Only Information as provided herein. All Confidential or Attorneys' Eyes Only Information including any and all copies thereof shall be kept by counsel in an appropriately safe place, given its status. Except as otherwise provided, access to any Confidential Information shall be limited solely to the following persons:

    a. Counsel for the parties and their associates, legal assistants, or other support employees who have a demonstrable need for such disclosure in order to conduct this litigation.

    b. The Plaintiff, the Defendants, whether third party or otherwise, and any officers, directors, agents, or employees of Plaintiff and Defendants who have a need for such disclosure in order to conduct this litigation.

    c. Confidential and Attorneys' Eyes Only Information may be disclosed to testifying or non- testifying experts who are not employees of the Parties and are utilized for purposes of this litigation only after each such person has read this Order and consented in writing to be bound by the provisions thereof as indicated by execution of the Acknowledgment attached hereto as <u>Exhibit A</u>.

    d. <u>Deposition Witnesses</u>: Confidential and Attorneys' Eyes Only Information may be disclosed to deposition witnesses during a deposition, while being questioned by counsel for a Party in connection with this action, but only to the extent necessary to assist such counsel in the prosecution or defense of this action, to the extent relevant to information reasonably believed to be within their knowledge. Counsel shall provide such witnesses with a copy of this Order and request that such witnesses sign an Acknowledgment in the form attached as Exhibit A unless the witness being questioned is a present or past employee or consultant of the Producing Party. If any such witness refuses to sign the acknowledgement, the question whether the witness shall be shown and

        questioned about the Confidential or Attorneys' Eyes Only Information shall be presented to the Court.

   e.   <u>The Court</u>:  The Court, persons employed by the Court, jury personnel, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom.

   f.   <u>Non-Parties</u>:  With the exception of witnesses while testifying at trial, or persons who either authored or previously received Confidential or Attorneys' Eyes Only Information, such information may be disclosed to other persons not authorized by this Protective Order only with the mutual agreement in writing between counsel for the Parties in advance of any disclosure to such person.

   g.   <u>Other</u>:  Confidential or Attorneys' Eyes Only Information may be disclosed to outside photocopying, imaging, data base, graphics or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this Action and to outside stenographers and videographers employed by counsel in connection with depositions and other like proceedings.

   8.   <u>Disputes</u>:  A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should

be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. <u>Pleadings</u>: If documents or information designated as "Confidential or Attorneys' Eyes Only Information" in accordance with the terms of this Protective Order are made exhibits to briefs or pleadings, such exhibit shall be filed pursuant to D.C.COLO.LCivR 7.2. The parties shall not quote Confidential or Attorneys' Eyes Only Information in a brief or pleading, but may refer generally to such Confidential or Attorneys' Eyes Only Information without disclosing such Confidential or Attorneys' Eyes Only Information and file the Confidential or Attorneys' Eyes Only Information as exhibits under seal.

10. <u>Conclusion of the Litigation</u>: Within sixty (60) days after entry of a final judgment or dismissal with prejudice in this litigation (including appeals or petitions for review) finally disposing of all issues raised in this litigation, Counsel and all other persons having possession or control of another party's Confidential and Attorneys' Eyes Only Information shall provide copies of all executed Exhibit A documents unless already provided and shall: (a) return all Confidential or Attorneys' Eyes Only Information and any copies thereof to the appropriate counsel who produced the Confidential or Attorneys' Eyes Only Information; or (b) destroy such Confidential or Attorneys' Eyes Only Information and all copies to the extent it contains or is

contained in any notes, summaries, digests, synopses or other document added by counsel or any other person after production. At the written request of a party, the other party shall provide written confirmation of such destruction. Notwithstanding the foregoing, counsel may retain court papers, deposition and trial transcripts and exhibits, and attorney work product (including court papers, transcripts, and attorney work product that contains Confidential or Attorneys' Eyes Only Information), provided that such counsel, and employees of such counsel, shall not disclose any Confidential or Attorneys' Eyes Only Information contained in such court papers, transcripts, exhibits, or attorney work product to any person or entity except pursuant to a written agreement with the Producing Party.

11. <u>Trial Procedures</u>: This Protective Order is not intended to address the admissibility of evidence at trial. If a party seeks to limit the publication of Confidential or Attorneys' Eyes Only Information at the trial or any hearing in this matter, the burden shall be on the party seeking to limit the use of such information to obtain relief from the Court in advance of the trial or hearing.

      12.   <u>Interim Effect</u>:  Plaintiff submits this Protective Order to the Court for approval. Following approval, this Protective Order shall continue in effect until further order of this Court.  For purpose of proceeding with discovery without delay, pending the Court's approval of this Order, the parties have previously agreed to conduct discovery under the terms of this Order and Confidential and Attorneys' Eyes Only Information shall be protected by the parties pursuant to these terms.

Entered this 18th day of May, 2012.

*[Signature]*

———————————————

United States Magistrate Judge

# EXHIBIT A

## UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

Civil Action No. 11-CV-01907-PAB-KMT

ELECTROLOGY LABORATORY, INC.
d/b/a ROCKY MOUNTAIN LASER COLLEGE
a Colorado corporation,

Plaintiff,

v.

LARRY PAUL KUNZE a/k/a LORENZO KUNZE and
LORENZO BLACKSTONE KUNZE, M.E.
d/b/a AMERICAN LASER COLLEGE and
THE LASER COLLEGE, LARRY PAUL KUNZE, JR.
a/k/a LORENZO KUNZE, JR. and
ROCK CREEK LASER & ESTHETICS INSTITUTE,
a delinquent Colorado corporation, BARELASER, LLC, a
Colorado Limited Liability Company and
RETHINK THE INK., LLC,
a Colorado Limited Liability Company,

Defendants.

## ACKNOWLEDGEMENT

The undersigned acknowledges that he or she has read the Protective Order in the above-captioned case and agrees to be bound by its terms and that he or she consents to the jurisdiction of the United States District Court for the District of Colorado in all matters concerning the Protective Order and this Acknowledgment.

_____
(Signature)

_____
(Printed Name)

_____
(Date)

363952

363952